HALL, Judge.
Plaintiff appeals from a judgment rejecting her action against her son’s homeowner’s insurer for damages arising out of the death of her husband who sustained fatal injuries when he fell while trimming an oak tree in their son’s yard. We amend the judgment to award $500 due under the guest medical coverage of the policy, and otherwise affirm the judgment.
In her petition plaintiff alleged that the decedent fell when he stepped on a rotten branch of the tree. Plaintiff sought recovery under LSA-C.C. Art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975) principles of strict liability of the owner of a defective thing. Alternatively plaintiff sought recovery on the basis of the son’s alleged negligence in failing to provide his father with a safe place to work and in allowing his father who was suffering from disability due to brain surgery to work in the tree.
After trial, the district court in carefully considered and well-stated transcribed reasons for judgment found that the accident was caused by decedent slipping and falling as he started climbing down out of the tree, and was not caused by the breaking of a dead or defective limb. The court further found that the decedent was not subject to seizures or balance problems due to his pri- or brain surgery several years before the accident, that the accident was not caused by any physical problem which the decedent had, and that there was no reason for the son to believe that the decedent was incapable of performing the work. The court also found that the decedent had considerable experience in tree work and that the manner in which he was doing the tree work was planned and controlled by him and not his son. Accordingly, the court found no breach of duty or negligence on the part of the insured son in any respect. The court concluded the tragic accident was caused solely by the fault of the victim.
On appeal, plaintiff reasserts her alternative assertions of liability based on strict liability and negligence.
Plaintiff cites Loescher v. Parr, supra, and Fonseca v. Marlin Marine Corporation, 410 So.2d 674 (La.1981) as supporting the applicability of strict liability in this case. In Loescher, the defective thing in the custody of the defendant was a rotten tree which fell and caused damage. Here, the tree was not rotten and there was no evidence of any defect in the tree, as originally alleged by plaintiff. In Fonseca, a defec *328 tive scaffold erected by the defendant collapsed and caused the plaintiff’s injuries. Here, there was no defective equipment furnished by the insured.
The absence of a defective thing posing an unreasonable risk of injury to the decedent and the absence of any causal connection between any such thing and the accident makes strict liability inapplicable.
Plaintiff’s alternative claim of negligence is likewise not supported by the evidence. Although decedent had undergone brain surgery seven or eight years prior to the accident, the evidence is contrary to plaintiff’s argument that he suffered from seizures and balance problems which impaired his ability to do the tree-trimming work he was doing with his son when he fell. The evidence is that the 62-year-old decedent was active physically and did a good deal of tree, landscaping, and yard work. The only symptoms exhibited by decedent in recent months or years prior to the accident, according to the testimony of plaintiff and their son, was that decedent would occasionally “nod off” at night after taking his medication. Further, the evidence does not support a finding that any disability on the part of the decedent contributed to his fall from the tree.
The evidence establishes that decedent and his son had planned for a couple of months to trim the oak tree in the son’s yard because of branches overhanging the son’s house. The manner in which the work was done was directed by the decedent, who was more experienced in this kind of work. The work was done in the manner decedent ordinarily did this kind of work. He did not have a safety belt which was needed for safety purposes as testified to by an experienced tree surgeon, but he used a long rope to form a belt and to tie himself to the tree as he worked. Unfortunately, he untied the rope and dropped it to the ground before starting down, and his foot slipped as he moved from a wedge in the tree where he was standing.
There were no facts relating to the decedent’s physical ability or knowledge of such facts on the part of the son that created any duty on the part of the son to prevent or not allow his father to do the tree-trimming work. In this joint undertaking, with the father in charge of the work, there was no duty on the part of the son to provide safety equipment or to direct the manner in which his father, experienced in this kind of work, did the work.
The instant case is unlike Frain v. State Farm Ins., 421 So.2d 1169 (La.App.2d Cir. 1982), cited by plaintiff, in which it was held that allegations that defendant loaned an automobile to a person who the defendant knew was suffering from a severe emotional disorder and was under the influence of drugs stated a cause of action for the wrongful death of the person who was killed while driving the automobile. Here, the decedent was not suffering from disabilities which posed a high risk of accidental injury as was the decedent in the Frain case, and there was no duty on the part of his son to protect the decedent against his own actions.
There were no duties breached, no negligence, and no liability.
In addition to her claim for damages under the liability portion of the homeowner’s policy, plaintiff also sued to recover $500 under the guest medical provisions of the policy. This claim was not dealt with specifically in the trial court’s reasons for judgment or judgment, and although the failure to award this amount is assigned as error in appellant’s brief, the issue is not argued in either the appellant’s or the ap-pellee’s brief. It appears from an examination of the policy in the record that coverage is afforded for reasonable medical expenses incurred by a person who sustains bodily injury while on the insured premises with the permission of the insured person. Accordingly, the judgment will be amended to award plaintiff $500 for medical expenses incurred.
For the reasons assigned, the judgment is amended to grant judgment in favor of plaintiff, Corene H. Roberts, against defendant, Allstate Insurance Company, in *329 the amount of $500 with legal interest thereon from date of judicial demand until paid. As amended, the judgment which otherwise rejects plaintiff’s demands is affirmed. Costs of the appeal are assessed one-half to plaintiff and one-half to defendant.
Amended, and as amended, affirmed.